514 A.2d 16
**STATE of Maryland**

v.

**Marvin Lee HANNAH.**

**No. 144, Sept. Term, 1985.**

Court of Appeals of Maryland.

Sept. 4, 1986.

Mary Ellen Barbera, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty. for Baltimore Co. and Mickey J. Norman, Asst. State's Atty. for Baltimore Co., Towson, on brief), for appellant.

Sherrie B. Glasser, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., SMITH,* ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

RODOWSKY, Judge.

■ Here we shall hold that the statute giving the State the right to appeal from a "final judgment" in a criminal case for failure of the trial judge to impose a mandated sentence applies where the trial judge granted probation before judgment in disregard of the minimum five years imprisonment mandated by the handgun statute.

Appellee, Marvin Lee Hannah (Hannah), pled guilty in the Circuit Court for Baltimore County to common law robbery and to use of a handgun in the commission of a felony in violation of Md. Code (1957, 1982 Repl. Vol., 1985 Cum. Supp.), Art. 27, § 36B. The crimes were committed May 22, 1985. On the robbery charge the court sentenced Hannah to ten years imprisonment of which he was to serve two years. The balance of the confinement was suspended and Hannah was placed on five years probation beginning with his release from custody.

Article 27, § 36B mandates a minimum sentence of five years for the first commission of the handgun violation involved here. In relevant part § 36B reads:

> (d) *Unlawful use of handgun* ...; *penalties.*—Any person who shall use a handgun ... in the commission of any felony ... shall be guilty of a separate misdemeanor and on conviction thereof shall, in addition to any other sentence imposed by virtue of commission of said felony....

---

* Smith, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Art. IV, Sec. 3A, he also participated in the decision and the adoption of this opinion.

(1) For a first offense, be sentenced ... for a term of not less than 5 nor more than 20 years, and it is mandatory upon the court to impose no less than the minimum sentence of 5 years.

. . . .

(e) *Reduction or suspension of mandatory minimum sentence; probation.*—Notwithstanding any other provision of law to the contrary, including the provisions of § 643 of this article, (1) ... no court shall enter a judgment for less than the mandatory minimum sentence prescribed in this subheading in those cases for which a mandatory minimum sentence is specified in this subheading; (2) ... no court shall suspend a mandatory minimum sentence prescribed in this subheading; (3) ... no court shall enter a judgment of probation before or without verdict with respect to any case arising under this subheading; and (4) ... no court shall enter a judgment of probation after verdict with respect to any case arising under this subheading which would have the effect of reducing the actual period of imprisonment prescribed in this subheading as a mandatory minimum sentence.[1]

At Hannah's sentencing the court struck its previous finding of guilty on the handgun charge and placed him on five years probation before judgment, to run concurrently with the probation imposed under the robbery count. This disposition of the handgun charge was purportedly authorized by Art. 27, § 641 which in relevant part provides:

(a) *Probation after plea or finding of guilt; power of court to provide terms and conditions; waiver of right to appeal from judgment of guilt.*—(1)(i) Whenever a person accused of a crime pleads guilty or nolo contendere or is found guilty of an offense, a court ... with the

---

**1.** Article 27, § 643 provides in relevant part that

[i]n all cases where the law prescribing a punishment for crime fixes a maximum and a minimum penalty therefor, the [judge] may, in lieu of the minimum penalty so prescribed, impose a less penalty of the same character. . . .

written consent of the person after determination of guilt or acceptance of a nolo contendere plea, may stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions as appropriate.

. . . .

(3) By consenting to and receiving a stay of entering of the judgment as provided by this subsection, the person waives the right to appeal from the judgment of guilt by the court at any time.

The State noted an appeal to the Court of Special Appeals and we granted the State's petition for the writ of certiorari prior to consideration of the matter by the Court of Special Appeals.[2] On the premise that the circuit court was compelled to impose a minimum five-year sentence, the State asserts that its right to appeal is conferred by Md. Code (1974, 1984 Repl. Vol.), § 12–302(c)(2) of the Courts and Judicial Proceedings Article (CJ). Subsection (c), in general, provides:

(c) In a criminal case, the State may appeal as provided in this subsection.

(1) The State may appeal from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition.

(2) The State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code.

(3)(i) In a case involving a crime of violence . . . the State may appeal from a decision of a trial court that excludes evidence offered by the State or requires the return of property alleged to have been [illegally] seized. . . .

---

**2.** The State alternatively petitioned this Court for a writ of mandamus and/or a writ of prohibition directed to the sentencing judge. Because we review the sentence on appeal the motions for the alternate relief requested are moot and are hereby denied on that ground.

Hannah argues that the State has no right of appeal under the circumstances here. Relying on *Warren v. State,* 281 Md. 179, 377 A.2d 1169 (1977), Hannah submits that probation before judgment under Art. 27, § 641 is not a "final judgment" as required by CJ § 12–302(c)(2). Hannah further contends that, even if the appeal lies, the circuit court did not violate the mandate of the handgun statute which operates only "on conviction" of a handgun violation, as the term is used in Art. 27, § 36B(d), and which does not in terms prohibit use of probation before judgment.

*Warren* involved an attempt to appeal from the District Court of Maryland to a circuit court, pursuant to CJ § 12–401(a), by a defendant who had been placed on probation by the District Court pursuant to Md. Code (1957, 1976 Repl. Vol.), Art. 27, § 292(b), a provision of the Maryland Controlled Dangerous Substances Act. Under the provision, a court, with the consent of a first time drug offender who had pled or been found guilty, could "stay the entering of the judgment of guilt, defer further proceedings, and place such person on probation[.]" Section 292(b) further provided that

[u]pon violation of a term or condition, the court may enter a judgment of conviction and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without a judgment of conviction and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by the law upon conviction of a crime.... Any expunged arrest and/or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute or regulation or license or questionnaire or any other public or private purpose, provided that any such conviction shall continue to constitute an offense for purposes of this subheading or any other criminal statute under which the existence of a prior conviction is relevant.

CJ § 12–401(a), relied on for the right to appeal in *Warren,* provides that "the defendant in a criminal case may appeal from a final judgment entered in the District Court[,]" and that "the defendant may appeal even though imposition or execution of sentence has been suspended." *Warren* held that the order of probation under Art. 27, § 292(b) was not a final judgment under CJ § 12–401(a). Initially we pointed out that, while CJ § 12–101(f) presents a definition of "final judgment," that section "does not attempt to specify what is an appealable final judgment or order, and leaves that determination to the case law." [3] 281 Md. at 183, 377 A.2d at 1171. We in effect reasoned that under the scheme of § 292(b) the rights of the parties would not be settled until after the probation order, which would occur either by the successful completion of the probationary period or by the revocation of probation. In the former event there would never be a judgment of conviction, and in the latter event the disposition would finally settle the defendant's guilt and the defendant would then be entitled to appeal. *Warren* further held that the provision in CJ § 12–401(a) for appealability "even though imposition or execution of sentence has been suspended," did not alter this result. That provision "is limited solely to those situations where the sentence in the traditional sense of a fine or prison term is lacking." *Id.* at 187, 377 A.2d at 1174. We held "that an order for probation without entry of judgment does not fall within the suspended sentence exception to the final judgment rule." *Id.* at 188, 377 A.2d at 1174 (footnote omitted).

*Warren* recognized that there are similarities between orders for probation under § 292(b) and under § 641, with which we are concerned in the instant matter. We said:

---

**3.** CJ § 12–101(f) reads:

(f) ... "Final judgment" means a judgment, decree, sentence, order, determination, decision, or other action by a court ... from which an appeal, application for leave to appeal, or petition for certiorari may be taken.

An order for probation under Art. 27, § 641, which has general application, is similar to an order under § 292 in that the court "stay[s] the entering of judgment, defer[s] further proceedings, and place[s] the person on probation subject to reasonable terms." Like § 292, § 641 provides for discharge of the accused after probation, but unlike § 292, § 641 does not provide for dismissal upon successful completion of probation. Nor does § 641 provide for automatic expungement. The views we express here are, of course, limited to § 292. [*Id.* at 181 n. 1, 377 A.2d at 1170 n. 1.]

The issue now before us, however, is not whether an order for probation under § 641 would be a final judgment for purposes of the statutes generally conferring a right on the defendant in a criminal case to appeal from a "final judgment" entered in the District Court (CJ § 12–401(a)) or in a circuit court (CJ § 12–301). In the case before us the State's right to appeal rises or falls on CJ § 12–302(c)(2). That special right of appeal was created to permit an appeal by the State where, as here, it contends that a trial judge had failed to impose the sentence specifically mandated by the General Assembly.

A chronological review of the statutes and case law involved in the question presented furnishes the answer. The precursor to probation before judgment under present § 641 was known as "probation before verdict." It was first authorized by the Acts of 1955, Ch. 436 only for use in the Second Judicial Circuit and was made applicable statewide by the Acts of 1957, Ch. 316. That statute authorized a court, with the accused's written consent before conviction or without such consent after a finding of guilt, to place the person on probation without finding a verdict or to suspend the imposition of sentence and, in either instance, to impose conditions. *See* Md. Code (1957, 1971 Repl. Vol.), Art. 27, § 641.

The handgun statute was enacted by the Acts of 1972, Ch. 13. From its inception the statute has contained the

provision in Art. 27, § 36B(e)(3) that "no court shall enter a judgment of probation before or without verdict" on a handgun offense. There is no doubt that the mandated minimum sentence for a handgun offense overrode any attempt to impose probation before verdict.

The minimum sentence provisions of the handgun statute collided with probation (although not a probation before verdict) in *State ex rel. Sonner v. Shearin*, 272 Md. 502, 325 A.2d 573 (1974). There, the defendant had pled guilty to use of a handgun in the commission of a felony and a circuit court ordered suspended the last three years of the minimum five-year sentence. The State appealed and we held that the appeal would lie.

*Sonner* reasoned that, historically, the State could obtain appellate review where, by suspending sentence, a trial court had exceeded its statutory authority. Appellate review had been by writ of error and later by appeal "as on" writ of error. We concluded that the statutes relating to appeals which were in effect at the time applicable in *Sonner* and which had been codified in Md. Code (1957, 1968 Repl. Vol.), Art. 5 had not limited the State's historic right. We said that *State v. Fisher*, 204 Md. 307, 104 A.2d 403 (1954) and *State v. Jacob*, 234 Md. 452, 199 A.2d 803 (1964) were

> authority for an appeal from the imposition of an illegal sentence, since the issue of the trial court's jurisdiction is involved in the sense of whether it exceeded the powers vested in it by prescribing a penalty contrary to law. A lower court which thus exceeds its power must be bridled by a court of last resort. Were it otherwise, mandates of the General Assembly could be defied with impunity and the only protection of the public would be ... judicial removal which would not have the effect of correcting the specific error. [272 Md. at 526, 325 A.2d at 586.]

*Sonner* left open the interpretation of the then provisions of CJ §§ 12–301 and 12–302 dealing generally with appeals from circuit courts. *Id.* at 526 n. 6, 325 A.2d at 586 n.

6. Those sections, which became effective on January 1, 1974, were enacted by Ch. 2 of the Acts of the First Extraordinary Session of 1973 as part of the Code revision project.[4]

When enacted in 1973, § 12–302(c) contained but one sentence which conferred on the State a right of appeal "only" from dismissals of charging documents. The enactment was based on former Art. 5, § 14 which had additionally provided that "the State shall have no right of appeal in any criminal action where the defendant has been tried and acquitted." The Revisor's Note to § 12–302(c) in Code (1974) explained that the quoted language from former § 14 had been omitted "since the state may only appeal in the limited situations set forth in the section in any event." Section 12–302(c), as enacted, placed in serious question, if it did not completely eliminate, the State's right to appeal an illegal sentence as recognized in the earlier cases and reiterated in *Sonner.*

On March 2, 1976, this Court decided *State v. Wooten,* 277 Md. 114, 352 A.2d 829 in which an appeal by the State was allowed because it questioned whether suspension of the execution of all but eight years of a life sentence violated the sentencing provisions of the first-degree murder statute. Once again we pointed out that we were not required to interpret CJ §§ 12–301 and 12–302, but only the law prior thereto. *Id.* at 116, 352 A.2d at 831.

The Acts of 1976, Ch. 49 addressed the problem by adding present sub-subsection (2) to § 12–302(c), dealing with State appeals from circuit court final judgments in criminal cases, and by adding a similar provision in CJ § 12–401(a) dealing with State appeals from District Court final judgments in criminal cases. The title to Ch. 49 states that it is for "the

---

4. Section 12–301 provides in relevant part:
   Except as provided in § 12–302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court.... In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended.

purpose of extending the right of the State to appeal in certain criminal cases; and giving the extension only. prospective effect." This is the statute which we must construe here.

Section 12–302(c) was undoubtedly inspired by *Sonner* and by *Wooten* and was intended to put the State in at least the same position with respect to taking an appeal as the State had enjoyed prior to January 1, 1974. Hannah's point is, however, that probation before judgment is not a final judgment under *Warren* and that *Sonner* and *Wooten* do not support the State's position because they involved suspensions of part of a term of imprisonment and thus involved final judgments.

The significance of *Sonner* and *Wooten* for present purposes does not lie in the particular way in which probation was imposed in those cases. While former Art. 5, § 13 made a suspended sentence appealable "in the same manner as if sentence or judgment had been entered in said action," that statute was limited to appeals noted by a defendant. This Court recognized the State's appeals in *Sonner* and in *Wooten* to have been taken from appealable orders not because those orders suspended sentences which had earlier been imposed, if only by an instant, but because, by virtue of some other provision of law, the orders allegedly were beyond the authority of the sentencing courts.

Thus, as of July 1, 1976, when § 12–302(c)(2) expressly authorized a State appeal from a "final judgment" to review whether "the trial judge failed to impose the sentence specifically mandated by the Code," the case law had been that probation orders which violated sentencing mandates were appealable by the State, at least prior to January 1, 1974.

The heart of Hannah's argument is that the 1976 enactment of § 12–302(c)(2) failed to execute the legislative intent in cases of probation before judgment because that section permits an appeal by the State only if there is a "final judgment" and *Warren* in 1977 held that probation

before judgment is not a "final judgment." The 1978 General Assembly, however, rejected the *Warren* analysis by enacting Ch. 964 of the Acts of that year. Chapter 964 made plain that, although probation before judgment is not a final judgment of conviction for many purposes, from the standpoint of appealability it is a final judgment.

Chapter 964 amended Art. 27, § 641(a) to add sub-subsection (2) which provides:

By consenting to and receiving a stay of entering the judgment as provided by this subsection, the person waives the right to appeal from the judgment of guilt by the court at any time. Prior to the person consenting to the stay of entering of the judgment, the court shall notify the person that by consenting to and receiving a stay of entry of judgment, he waives the right to appeal from the judgment of guilt by the court at any time.

Chapter 964 also amended Art. 27, § 292 by inserting in subsection (b) a comparable waiver and notice of waiver provision.[5]

By amending both § 292 and § 641 in Ch. 964, the Legislature ignored the possible distinction as to appealability between the two sections which *Warren* had attempted to preserve. Further, in providing that by consenting to a probation disposition under either section an accused waives the right to appeal, the General Assembly necessarily declared that after July 1, 1978, such a probation disposition is an appealable, *i.e.*, "final," judgment. Although the accused may not appeal because of the waiver, the probation disposition nevertheless satisfies the finality requirement and may be appealed by the State if a statute confers a

---

**5.** The amendment to § 292(b) effected by Ch. 964 provides:

By consenting to and receiving a stay of entering of the judgment of guilt as provided by this subsection, the person waives all rights to appeal from the judgment of guilt by the court at any time. Prior to the person consenting to the stay of entering of the judgment of guilt, the court shall notify the person that by consenting to and receiving the stay of entry of judgment, he waives the right to appeal from the judgment of guilt by the court at any time.

right of appeal on the State from a final judgment. Here, where the State alleges that the probation disposition violates a mandatory sentencing law, § 12–302(c)(2) of the Courts Article confers a right of appeal on the State from the final judgment under Art. 27, § 641.

■ On the merits of the appeal the State is clearly correct. Hannah pled guilty to the use of a handgun in the commission of a felony, his first such offense. Under those circumstances Art. 27, § 36B(d)(1) specifies that "it is mandatory upon the court to impose no less than the minimum sentence of 5 years." Hannah nevertheless says that this result does not obtain because it arises only "on conviction" of the handgun offense and the probation before judgment disposition of his handgun offense is not a "conviction." This sophistry is demolished by § 36B(e). Subsection (e) lists a variety of prohibited dispositions in handgun cases and completely dispels any notion that the minimum sentence requirement can be satisfied by any form of probation. In particular § 36B(e)(3) prohibits entry of "a judgment of probation before or without verdict," a disposition in which there is no "conviction." An illegal disposition cannot take this case out from under the operation of the handgun statute's sentencing minimums.

Hannah's final point is that the prohibitions in Art. 27, § 36B(e) against dispositions of handgun charges by various forms of probation do not specifically include probation before judgment. Section 36B(e)(3) still refers to "probation before or without verdict," an expression which describes probation under former § 641 of Art. 27. *See* Md. Code (1957, 1971 Repl. Vol.). Former § 641 was repealed and reenacted by the Acts of 1975, Ch. 527 into the probation before judgment statute. The change in the procedures and mechanics from probation before verdict to probation before judgment does not keep the prohibition in § 36B(e)(3) from applying to probation before judgment. Md. Code (1957, 1981 Repl. Vol.), Art. 1, § 21 provides:

(a) Whenever a provision of the public general or public local laws of this State refers to any portion of this Code ... the reference applies to any subsequent amendment to that portion of the Code ... unless the referring provision expressly provides otherwise.

(b) The rule of construction established by this section applies to an amendment to a statute whether adopted prior or subsequent to July 1, 1973.

The reference in § 36B(e)(3) to probation before verdict is general, as opposed to being a specific reference to limited and particular provisions of the statutes dealing with probation before verdict in effect at the time the handgun law was enacted. General references in a referring statute ordinarily are construed to include later changes in the law referred to. *See Hanrahan v. Alterman,* 41 Md.App. 71, 81–82, 396 A.2d 272, 278–79, *cert. denied,* 284 Md. 744 (1979); 2A Sutherland, *Statutory Construction* § 51.07 (rev. ed. 1984).

In any event, whether or not Hannah's probation before judgment violated the negative prohibitions of the handgun act concerning probation, the circuit court's disposition violated the affirmative requirement of § 36B(d)(1) that a person who is guilty of a first offense under the handgun statute "be sentenced ... for a term of not less than 5 ... years, and it is mandatory upon the court to impose no less than the minimum sentence of 5 years."

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AS TO THE SENTENCE IMPOSED ON THE HANDGUN OFFENSE REVERSED; IN ALL OTHER RESPECTS THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY IS AFFIRMED. CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR SENTENCING ON THE HANDGUN CHARGE CONSISTENT WITH THIS OPINION AND WITH CODE, ART. 27, § 36B. COSTS TO BE PAID BY THE APPELLANT.