727 A.2d 384

Michael I. BOZEMAN

v.

DISABILITY REVIEW BOARD OF the PRINCE GEORGE'S
COUNTY POLICE PENSION PLAN.

No. 837, Sept. Term, 1998.

Court of Special Appeals of Maryland.

April 7, 1999.

2

David Kopstein (Dross, Levenstein, Perilman & Kopstein, on the brief), Seabrook, for Appellant.

Thomas J. Manning, Jr. (Daneker, McIntire, Davis, Schumm, Prince & Goldstein, P.C., Baltimore, and Thomas G. Hagerty and Semmes, Bowen & Semmes, Washington, DC, on the brief), for Appellee.

Argued before THIEME, KENNEY, and ADKINS, JJ.

THIEME, Judge.

This appeal is from a denial of a petition for a writ of mandamus filed by Michael I. Bozeman, the appellant, requesting review of a disability determination by the Disability Review Board of the Prince George's County Police Pension Plan, the appellee. We reverse the decision of the circuit court and remand for reconsideration.

## Facts and Statement of the Case

Michael I. Bozeman served for almost eight years as an officer of the Prince George's County Police Department. On September 29, 1994, the appellant suffered an on-the-job motorcycle accident, subsequent to which he began to suffer serious back pain. As a participant in the Prince George's County Police Pension Plan (Plan), he sought a determination of disability.

The appellant's case was examined by the Plan's Medical Advisory Board, which reported on May 2, 1996, that he was unfit for further duty as a police officer. On May 9, 1996, the Disability Review Board (DRB) made a preliminary determination that the appellant was disabled within the meaning of the Plan but that his disability was not service connected. The appellant requested a formal hearing, which was held before a hearing examiner on September 20, 1996. The hearing examiner issued his findings and recommendations on November 27, 1996. He determined that the appellant was disabled under the definition of the Plan. He also determined that, under the standard of Rule 9(h), because appellant had a prior, asymptomatic back condition, which was made symptomatic by his September 29, 1994, accident, his disability was not service connected. Such a determination of disability not service connected would result in a smaller pension.

On December 12, 1996, the DRB adopted the findings and recommendations of the hearing examiner. On December 19, 1996, the appellant requested a reconsideration by the DRB, which was denied on February 13, 1997. The appellant filed a petition for a writ of mandamus with the Circuit Court for

Prince George's County on March 20, 1997, which was amended on October 29, 1997. He also filed a motion for summary judgment on September 19, 1997. A hearing on the petition and the motion was held on November 25, 1997, after which the court requested further information on the development of the Plan and its accompanying Rules. On March 19, 1998, the court issued an order and opinion denying the appellant's petition for a writ of mandamus and motion for summary judgment, and affirming the determination of the DRB.

This appeal was noted on April 8, 1998.

### Question Presented

The appellant presents one question for our review:

Is the pre-existing condition section of Rule 9(h) of the Rules of Administrative Procedure adopted pursuant to the Prince George's County Police Pension Plan invalid because it is inconsistent with the provisions of the Plan?

To that question we answer yes.

### Standard of Review

The standards of review of administrative decisions are well known. We have set them out at length in an opinion in a case similar to the one *sub judice:*

Our role in reviewing an administrative decision is "precisely the same as that of the circuit court." Like the circuit court, we must review the administrative decision itself.

"Judicial review of administrative agency action is narrow." In reviewing the Board's decision, this Court must not engage in judicial fact-finding. Nor may we supply factual findings that were not made by the Board. Moreover, this Court may not uphold the agency's decision "unless it is sustainable on the agency's findings and for the reasons stated by the agency."

Factual findings made by an agency are binding upon a reviewing court, so long as they are supported by substantial evidence. Substantial evidence has been defined as

more than a scintilla of evidence. Further, the inferences reasonably to be drawn from the facts are also left to the Board. " 'The Court may not substitute its judgment on the question whether the inference drawn is the right one or whether a different inference would be better supported. The test is reasonableness, not rightness.' " Moreover, an appellate court must "review the agency's decision in the light most favorable to the agency, since decisions of administrative agencies are prima facie correct and carry with them the presumption of validity."

As we said in *Mortimer v. Howard Research,* 83 Md.App. 432, 441, 575 A.2d 750 (1990), a decision is "not in accordance with law" when it is

> arbitrary, illegal or capricious. In making a determination of whether the Board of Appeals' decision is arbitrary, illegal or capricious, the reviewing court must decide whether the question before the agency was fairly debatable. An issue is fairly debatable if reasonable persons could have reached a different conclusion on the evidence and, if so, a reviewing court may not substitute its judgment for that of the administrative agency. The fairly debatable test is analogous to the clearly erroneous standard under Rule 8–131(c) and a decision is fairly debatable if it is supported by substantial evidence on the record taken as a whole.
>
> . . . .
>
> In contrast to findings of fact, however, an agency's interpretation of law is not entitled to deference. When the question before the agency involves interpretation of an ordinance or statute, our review is more expansive. We are not bound by the agency's interpretation. Thus, "a reviewing court is under no constraints in reversing an administrative decision which is premised solely upon an erroneous conclusion of law."

*Ahalt v. Montgomery County,* 113 Md.App. 14, 20–23, 686 A.2d 683 (1996) (internal citations omitted).

6

## Discussion

### Prince George's County Code, the Plan, and the Rules

The Prince George's County Council authorized by ordinance the establishment of a police pension plan:

The County Executive shall be authorized to establish, by agreement, police and fire pension plans applicable to all uniformed employees occupying classified service positions allocated to public safety classes of work within the Police and Fire Departments. Any such pension plans, upon establishment, may not be amended to lessen the benefits provided therein or to bind the County to finance or make contributions thereto, unless such amendments are approved by legislative act of the County Council.

Prince George's County, Md., Code § 16–231(a) (1995). The Plan was established in its current form in 1973 and revised and restated in 1983 and 1991. *See* Prince George's County, Md., Police Pension Plan, Preamble (1991).

The Plan provides specifically for disability retirement benefits. Such benefits follow upon a determination of disability. That determination is made by "the Disability Review Board ... in accordance with the rules of procedure of the Disability Review Board as shall be in effect from time to time and as set forth in the Appendix [to the Plan]." *Id.* § 4.2(b)(1). When the DRB makes a determination of disability,[1] it must also make a determination of "whether said disability was or was not caused by an injury or sickness suffered as a result of his

---

1. The standards for determining disability are as follows:

    A Participant shall be retired on a Disability Retirement Date if he meets all of the following conditions on or after January 1, 1973:
    (1) The Participant is so disabled, mentally or physically, that he is unable to fill any position then available to him as an Employee.
    (2) His disability is likely to be of long duration.
    (3) His disability has not resulted from service in the armed forces of any country for which he receives a military pension, was not caused or connected with chronic alcoholism or addiction to narcotics or use of drugs prohibited by law, or resulted from his engaging in a criminal act or an effort to bring about the injury of himself or any other person.

    Prince George's County, Md., Police Pension Plan § 4.2(a) (1991).

performance of his duties as an Employee. Such determination shall be based on all of the evidence presented to the Disability Review Board, or otherwise obtained by it, in connection with its determination of disability." *Id.* § 4.2(b)(3).

As is noted above, such determinations are to be made "in accordance with the rules of procedure of the Disability Review Board." Among those rules is Rule 9(h), which specifically addresses the determination of whether disabilities are service connected.[2] Rule 9(h) was adopted by the DRB in 1990 and subsequently included in the 1991 revision of the Plan. The 1991 revision was approved by the County Executive. There is nothing in the record to indicate that the Prince George's County Council ever addressed this change to the Plan and Rules.

### Substantive Law versus Procedural Rules

We now return to the question presented by the appellant, namely, did the DRB exceed its authority when it adopted Rule 9(h)?

It is well established that, while an administrative agency may, by statute, be delegated rule-making authority, that authority is limited in scope.

[A] legislatively delegated power to make rules and regulations is administrative in nature, and it is not and cannot be the power to make laws; it is only the power to adopt regulations to carry into effect the will of the legislature as expressed by the statute. Legislation may not be enacted by an administrative agency under the guise of its exercise of the power to make rules and regulations by issuing a rule

---

2. The rule in its entirety reads:

   In determining whether an injury or illness is service connected, the Participant must show that the injury or illness was directly and substantially caused by an employment related accident, occurrence or condition. A pre-existing physical or mental condition found in the Participant which is aggravated by an employment related accident, occurrence or condition and renders the Participant disabled, does not give rise to a service connected disability.

   Prince George's County, Md., Police Pension Plan, Rule 9(h).

or regulation which is inconsistent or out of harmony with, or which alters, adds to, extends or enlarges, subverts, impairs, limits, or restricts the act being administered. *Insurance Comm'r v. Bankers Indep. Ins. Co.*, 326 Md. 617, 624, 606 A.2d 1072 (1992) (citing *Mayor and City Council of Baltimore v. William E. Koons, Inc.*, 270 Md. 231, 236–37, 310 A.2d 813 (1973)). In this case, the authority implicitly delegated from the Prince George's County Council through the County Executive to the Disability Review Board was to formulate "rules of procedure." Prince George's County, Md., Police Pension Plan § 4.2(b)(1) (1991). Additionally, the Prince George's County Council specifically reserved the right to pass on any changes to the Plan that "lessen the benefits" provided in the Plan. Prince George's County, Md., Code § 16–231(a) (1995). If a rule is in fact an attempt to make substantive law, particularly an attempt to legislate a decrease in benefits, then it must be set aside as extralegal and invalid.

Substantive law is defined as "[t]hat part of law which creates, defines, and regulates rights and duties of parties, as opposed to 'adjective, procedural, or remedial law,' which prescribes method of enforcing the rights or obtaining redress for their invasion." *Black's Law Dictionary* 1429 (6 th ed.1990) (citing *Allen v. Fisher*, 118 Ariz. 95, 574 P.2d 1314, 1315 (1977)). Despite the clear definitions, in practice the distinction between substantive and procedural law is oftentimes a notably difficult one to make. *See, e.g., E.B. v. Wisconsin,* 111 Wis.2d 175, 330 N.W.2d 584, 591 (1983). The rule in question in the present case, however, does not present an especially difficult case.

The sentence in question from Rule 9(h) reads as follows: "A pre-existing physical or mental condition found in Participant which is aggravated by an employment related accident, occurrence or condition and renders the Participant disabled, does not give rise to a service connected disability." Prince George's County, Md., Police Pension Plan, Rules of Administrative Procedure Rule 9(h). The appellant attacks this sentence as a substantive limitation of his rights under the Plan. The appellee dismisses it as simply a standard of causation

codified in the Rules for the sake of uniformity in disability review decisions. The circuit court referred to it as a "standard of review" and felt itself constrained by it. Whatever label one places on the sentence in question, it is clearly a statement of substantive law. *Cf. County Council for Montgomery County v. Investors Funding Corp.*, 270 Md. 403, 473–74, 312 A.2d 225 (1973) (noting that judicial standards of review are matters of substantive law); *Dersookian v. Helmick*, 256 Md. 627, 631, 261 A.2d 472 (1970) (noting that the standard of causation in tort cases is a matter of substantive law); *Black v. Leatherwood Motor Coach Corp.*, 92 Md.App. 27, 39, 606 A.2d 295 (holding that Maryland's statutory cap on noneconomic damages is a part of its substantive law), *cert. denied*, 327 Md. 626, 612 A.2d 257 (1992).

And while Rule 9(h) does not decrease rates of retirement compensation or delete categories of benefits, it does deprive a class of Plan participants, namely, those, like appellant, with totally asymptomatic conditions made symptomatic solely by service-related illnesses or injuries, of a higher level of benefits which they may be entitled to receive, thus effectively lessening benefits provided under the Plan without the Prince George's County Council having ratified such a provision. *See Bankers Indep. Ins. Co.*, 326 Md. at 623, 606 A.2d 1072 (citing *Falik v. Prince George's Hosp. and Med. Ctr.*, 322 Md. 409, 417, 588 A.2d 324 (1991)) (holding that "an administrative regulation must be consistent with the letter and policy of the statute under which the administrative agency acts").

■ We thus hold that Rule 9(h) as adopted by the DRB is extralegal and invalid, and ought not to be applied in the determination of service-related disability cases.

### *Mandamus*

■ As is well known, the writ of mandamus is not a writ of right, but lies within the discretion of the court. "However, the discretion accorded to the court is not arbitrary, but must be exercised under the established rules of law...." *Tolbert v. Philadelphia, Baltimore & Washington R.R. Co.*, 126 Md.

569, 575, 95 A. 49 (1915). Because the court below, in denying the appellant's petition, felt itself constrained by Rule 9(h), which we have now invalidated, it could not have exercised its "sound legal discretion," *Ipes v. Board of Fire Comm'rs of Baltimore*, 224 Md. 180, 183, 167 A.2d 337 (1961), as it is required to do. *See Saltzgaver v. Saltzgaver*, 182 Md. 624, 635, 35 A.2d 810 (1944) (quoting Renzo D Bowers, *The Judicial Discretion of Trial Courts* § 10, at 14 (1931)) (" 'It is obvious that if a special statute prescribed a decision, there is, in all instances coming within its purview, a restraint upon the judge which precludes the exercise of a discretion by him; for the very word 'discretion' implies the absence of restraint.' "). We therefore reverse the decision of the circuit court and remand the case to it to reconsider the appellant's petition for a writ of mandamus without regard to the substantive law portion of Rule 9(h).

**REVERSED AND REMANDED.**

**COSTS TO BE PAID BY THE APPELLEE.**