819 A.2d 1141

The BOARD OF LICENSE COMMISSIONERS
FOR ANNE ARUNDEL COUNTY

v.

CORRIDOR WINE, INC., t/a Corridor Wine & Spirits.

No. 00016, September Term, 2002.

Court of Special Appeals of Maryland.

March 28, 2003.

276

Howard J. Schulman (Schulman & Kaufman, LLC, on the brief) Baltimore, for appellant.

Robert T. Shaffer, III (John J. Connolly and Murphy & Shaffer, on the brief) Baltimore, for appellee.

Argued before DEBORAH S. EYLER, KRAUSER, and SHARER, JJ.

KRAUSER, J.

After pleading guilty to selling an alcoholic beverage to "a person under [twenty-one] years of age" in violation of Md. Code (1957, 2001 Repl.Vol., 2002 Supp.), Art. 2B, § 12–108, an employee of appellee, Corridor Wine, Inc., t/a Corridor Wine & Spirits, was granted probation before judgment in the District Court of Maryland for Anne Arundel County. That led the Board of License Commissioners for Anne Arundel County to begin administrative proceedings against Corridor Wine for violating both § 12–108 and its rules.

At the administrative hearing that followed, Corridor Wine argued that the probation before judgment, granted by the district court, barred the Board from proceeding administratively against it, as a licensee, under § 12–108(a)(3)(iv). That subsection prohibits the Board from taking any administrative action against a licensee for violating the provisions of § 12–108, if the licensee's employee received "probation without a verdict," the statutory precursor to probation before judg-

ment. Rejecting that argument, the Board found Corridor Wine in violation of § 12–108 and the Board's rules and suspended its liquor license. When that decision was reversed by the Circuit Court for Anne Arundel County, the Board noted this appeal.

The Board now renews its claim that § 12–108(a)(3)(iv) does not bar it from proceeding administratively against a licensee-in this instance, Corridor Wine-who sells liquor to someone under the age of twenty-one when that licensee or its employee has been granted "probation before judgment" instead of "probation without a verdict," as prescribed by § 12–108(a)(3)(iv). The Board also reasserts its claim that, regardless of how that subsection is interpreted, it may proceed against Corridor Wine for violating the Board's own rules. As we find no more merit in either contention than the circuit court did, we shall hold that that court correctly concluded that, for purposes of Article 2B, § 12–108(a)(3)(iv), "probation without a verdict" is the same as "probation before judgment" and that the Board was thus barred by § 12–108(a)(3)(iv) from proceeding against Corridor Wine for conduct violating § 12–108 as well as its own rules.

### Facts

On October 2, 1998, Elizabeth Bernadette Ivey, an employee of Corridor Wine, was issued a criminal citation for selling an alcoholic beverage to a person under the age of twenty-one in violation of Article 2B, § 12–108. On November 24, 1998, Ivey pleaded guilty to that offense and, after receiving a suspended fine of five hundred dollars, was placed on probation before judgment.

That same day, a hearing was held before the Board to determine the proper administrative sanction for Corridor Wine's violation of Article 2B, § 12–108 and the Board's rules. At that hearing, Corridor Wine argued that the probation before judgment deprived the Board of the authority to proceed against it for violating § 12–108 and the applicable rules of the Board. Corridor Wine's argument rested on § 12–108(a)(3)(iv), which bars the Board from proceeding adminis-

tratively against a licensee, if either the licensee or its employee receives "probation without a verdict" for violating § 12–108. Upon Corridor Wine's request, the Board continued the hearing so that all parties could research the issues.

When the hearing resumed on December 8, 1998, Corridor Wine made the same argument, asserting that probation before judgment is, for the purpose of § 12–108(a)(3)(iv), tantamount to probation without verdict and that the Board therefore lacked the authority, under that subsection, to sanction it. Unpersuaded, the Board stated that "a probation before judgment is not the functional equivalent of a probation without verdict," pointing out that the former involves a finding of guilt, while the latter does not. The Board further explained that § 12–108 "refers to a not guilty verdict, or a probation before verdict," and that, in this case, Corridor Wine's employee had pleaded guilty. Before the hearing could proceed further, Corridor Wine requested a continuance when it became apparent that a key witness, who had been involved in the alleged sale, was not present. That request was granted.

Before the Board could reconvene, Corridor Wine filed a Verified Petition for Writ of Certiorari in the Circuit Court for Anne Arundel County, requesting a determination by that court as to whether the Board could proceed against Corridor Wine. That petition was granted and further administrative proceedings were stayed. After hearing argument on that issue, the Honorable Ronald A. Silkworth concluded, in a well-reasoned written opinion, that the Board "lacks jurisdiction to proceed in the pending administrative matter against" Corridor Wine and remanded the case to the Board with instructions to dismiss it.

Following that decision, the Board noted an appeal to this Court. But before argument could be heard, the Court of Appeals, on its own motion, granted certiorari. *Bd. of License Comm'r v. Corridor Wine, Inc.*, 361 Md. 403, 761 A.2d 916 (2000). Reversing the circuit court, the Court of Appeals held that "a common law certiorari action does not lie under the

circumstances of this case" and that, consequently, "Corridor was required to await a final administrative decision before seeking judicial review in the Circuit Court." *Id.* at 410, 761 A.2d 916. Without reaching "the correct interpretation of Art. 2B, § 12–108(a)(3)(iv)," it remanded this case to the circuit court "with directions to quash the writ of certiorari and dismiss the action." *Id.* at 410, 419, 761 A.2d 916.

On remand the Board reaffirmed its decision that the grant of probation before judgment by the district court did not bar it from proceeding against Corridor Wine administratively. It then found Corridor Wine in violation of § 12–108 and the Board's rules and suspended Corridor Wine's liquor license for three days.

On July 26, 2001, Corridor Wine filed a petition for judicial review of the Board's decision in the Circuit Court for Anne Arundel County. On January 28, 2002, Corridor Wine and the Board appeared before the Honorable Joseph P. Manck. Following a hearing on this issue, Judge Manck adopted, in a written opinion, the decision of Judge Silkworth and reversed the Board's decision.

## Discussion

### I.

■ The Board contends that § 12–108(a)(3)(iv) does not preclude it from proceeding against Corridor Wine, pointing out that Corridor Wine's employee was placed on probation before judgment and not probation without a verdict, the only disposition mentioned by that subsection. At issue here is the validity of that interpretation.

■ Initially, we note that "[q]uestions of statutory interpretation are questions of law, and an agency's interpretation of a statute normally is given little weight in determining the judicial construction of that statute." *Balt. County Licensed Beverage Ass'n v. Kwon,* 135 Md.App. 178, 189, 761 A.2d 1027 (2000)(citing *Balt. Bldg. & Constr. Trades Council v. Barnes,* 290 Md. 9, 14–15, 427 A.2d 979 (1981)). In other words, the Board's interpretation of § 12–108 is not entitled to deference

by this Court. *Bozeman v. Disability Review Bd. of the Prince George's County Police Pension Plan,* 126 Md.App. 1, 5, 727 A.2d 384 (1999).

Unencumbered by the Board's interpretation of that subsection, we begin our analysis with a brief review of § 12–108 and its pertinent subsections. Subsection 12–108(a) prohibits a licensee or its employee from selling alcoholic beverages to a person under the age of twenty-one. But § 12–108(a)(3)(iv) bars the Board of License Commissioners from proceeding administratively against that licensee, if either the licensee or its employee has been "found not guilty, or placed on probation without a verdict" for violating § 12–108(a). Article 2B, § 12–108(a)(3)(iv) provides:

> Except as otherwise provided in this section, if any licensee or employee of the licensee is found not guilty, or placed on probation without a verdict, of any alleged violation of this subsection, this finding operates as a complete bar to any proceeding by any alcoholic beverage law enforcement or licensing authorities against the licensee on account of the alleged violation.

The term "probation without a verdict" in § 12–108(a)(3)(iv) refers to a disposition under Article 27, § 641, designated as "probation without finding a verdict," before that section was amended in 1975; at that time, the phrase "probation without finding a verdict" was replaced with "probation prior to judgment." It was later revised again, to the phrase now in effect: "probation before judgment."

Subsections 12–108(e) and (f) provide that the boards of Queen Anne's, Dorchester, Garrett, Howard, Kent, Montgomery, and St. Mary's counties, are not barred from proceeding against a licensee for violating 12–108(a), even if it or any of its employees receive probation before judgment. Subsection (e) states:

> Notwithstanding any other provision of this section to the contrary, in Queen Anne's County, if any licensee or employee of the licensee is placed on probation before judgment for any alleged violation of subsection (a) of this

section, this finding may not operate as a bar to any proceeding brought by the Board of License Commissioners against the licensee on account of the alleged violation.

And subsection (f) states:

(1) This subsection applies in the following jurisdictions:

(i) Dorchester County;

(ii) Garrett County;

(iii) Howard County;

(iv) Kent County;

(v) Montgomery County; and

(vi) St. Mary's County.

(2) The granting of probation before judgment to a licensee or employee of the licensee for violating subsection (a) of this section does not bar the Board of License Commissioners from proceeding administratively against the licensee for the violation.

We hardly need point out that the Anne Arundel County board is not listed among those county boards; it therefore remains, at least as far as Corridor Wine is concerned, subject to the prohibition in § 12–108(a)(3)(iv) which bars a county board from proceeding administratively against a licensee if the licensee or its employee received probation without verdict for violating subsection (a). But this of course is only true if probation before judgment is tantamount to probation without verdict for purposes of § 12–108(a)(3)(iv).

As noted above, § 12–108(a)(3)(iv) refers to probation without verdict, a disposition found in Article 27, § 641, prior to its amendment in 1975, and not to probation before judgment. The pre–1975 amendment version of Article 27, § 641 stated in part:

Before the conviction of a person accused of crime, including but not limited to a person who has pleaded guilty or nolo contendere, a court exercising criminal jurisdiction may place the person on *probation without finding a verdict,* if the person consents in writing. The court may impose the conditions of probation it deems proper.

Md.Code (1957, 1971 Repl.Vol., 1974 Cum.Supp.)(emphasis added).

This statute "authorized a court, with the accused's consent before conviction or without such consent after a finding of guilt, to place the person on probation without finding a verdict or to suspend the imposition of sentence and, in either instance, to impose conditions." *State v. Hannah*, 307 Md. 390, 397, 514 A.2d 16 (1986). And "[s]hould the probation thus granted be revoked at a subsequent hearing for that purpose, the case reverts to its status at the time the probation was granted, and determination of guilt, by plea or trial," would have to follow before any sentence could be imposed. *Bartlett v. State*, 15 Md.App. 234, 241, 289 A.2d 843 (1972), *aff'd*, 267 Md. 530, 298 A.2d 16 (1973).

In 1975, the legislature revised Article 27, § 641, by, among other things, replacing "probation without finding a verdict" with "probation before entering judgment." 1975 Md. Laws, Chap. 527. This change was to "eliminate the need for a full trial on the merits," upon a violation of the probation without verdict. Fiscal Note to H.B. 1060 (1975). It was intended "to preclude an errant probationer from simultaneously violating his probation and re-donning the cloak of presumed innocence." *Stevens v. State*, 27 Md.App. 460, 463, 340 A.2d 717 (1975). This change in § 641 "virtually eliminate[d] probation without verdict in the orthodox sense." *Id.*

Article 27, § 641(a) now provided:

Whenever a person accused of crime pleads guilty or nolo contendere or is found guilty of an offense, a court exercising criminal jurisdiction, if satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, and with the written consent of the person, may, after determination of guilt or acceptance of a nolo contendere plea, *stay the entering of judgment, defer further proceedings, and place the person on probation* subject to reasonable terms and conditions as appropriate.

Md.Code (1957, 1971 Repl.Vol., 1975 Cum.Supp.)(emphasis added).

The last change to that statute came in 2001 when the legislature repealed Article 27, § 641, and, in its place, enacted the current "probation before judgment" statute, § 6–220. 2001 Md. Laws, Chap. 10. The replacement of § 641 with § 6–220 did not materially alter the law governing such dispositions. In fact, the revisor's note to § 6–220 states: "[T]his section is new language derived without substantive change from former Art. 27, § 641." Md.Code (2001), § 6–220 of the Criminal Procedure Article.

Subsection 6–220(b) provides in part that, "[w]hen a defendant pleads guilty or nolo contendere or is found guilty of a crime, a court may stay the entering of judgment, defer further proceedings, and place the defendant on probation subject to reasonable conditions." Md.Code (2001, 2002 Supp.). But that statute must be put aside, because, for the purposes of this opinion, we are only concerned with its predecessor and substantive twin, Art. 27, § 641, as that was the probation before judgment statute in existence at all times relevant to this appeal.

Corridor Wine claims, and we agree, that the reference to probation without verdict in § 12–108(a)(3)(iv) must be read to mean probation before judgment. In support of that claim, Corridor Wine invokes State v. Hannah, 307 Md. 390, 514 A.2d 16 (1986). Although decided on other grounds, that case does, as Corridor Wine suggests, confirm that statutory references to probation without verdict, the pre–1975 amendment language of § 641, are to be treated as if they refer to probation before judgment, the post–1975 amendment language of that section.

In Hannah, the issue before the Court of Appeals was whether the State had the right to appeal from an order of the trial court granting the defendant probation before judgment for violating a handgun statute, Article 27, § 36B(e), in disregard of that statute's mandatory minimum sentence. The Court held that the State had the right to appeal from a grant

of probation before judgment, as if it were a "final judgment," and that the trial court erred by granting probation before judgment instead of imposing the statute's mandatory minimum sentence. *Id.* at 392, 514 A.2d 16. But in the course of so ruling, the Court took up Hannah's argument that the statute only prohibited the granting of "probation before or without verdict," not probation before judgment. *Id.* at 402, 514 A.2d 16.

Discounting that claim, the Court stated that the prohibition against granting probation without verdict for violating § 36B(e) also applied to granting probation before judgment, as the trial court did. The Court explained:

Former § 641 was repealed and reenacted by the Acts of 1975, Ch. 527 into the probation before judgment statute. · The change in the procedures and mechanics from probation before verdict to probation before judgment does not keep the prohibition in § 36B(e)(3) from applying to probation before judgment.

*Id.*

The Court further observed that "[w]henever a provision of the public general or public local laws of this State refers to any portion of this Code ... the reference applies to any subsequent amendment to that portion of the Code ... unless the referring provision expressly provides otherwise." *Id.* at 403, 514 A.2d 16 (quoting Md.Code (1957, 1981 Repl.Vol.), Art. 1, § 21).[1] Since § 36B(e)(3)'s reference to probation before verdict was a general one, the Court concluded it encompassed later changes in the law, stating:

The reference in § 36B(e)(3) to probation before verdict is general, as opposed to being a specific reference to limited and particular provisions of the statutes dealing with probation before verdict in effect at the time the handgun law was enacted. General references in a referring statute ordinari-

---

1. The language of Article 1, § 21 has not changed since the *Hannah* decision. *See* Md.Code (1957, 2001 Repl.Vol.).

ly are construed to include later changes in the law referred to.

*Id.* (citing *Hanrahan v. Alterman,* 41 Md.App. 71, 81–82, 396 A.2d 272 (1979)).

Like the reference to probation before verdict in § 36B(e)(3), the reference to probation without verdict in § 12–108(a)(3)(iv) is a general reference and consequently should be construed to encompass later changes in Article 27, § 641. Thus, § 12–108(a)(3)(iv)'s reference to probation without verdict should be read to mean probation before judgment.

The Board urges us to disregard the *Hannah* Court's discussion of this issue as it is mere "dicta." Even if the Hannah Court's analysis is dicta, it is highly persuasive dicta as this issue was discussed at length by that Court.

Moreover, any interpretation of § 12–108, consistent with the prevailing canons of statutory construction, leads to but one conclusion: that § 12–108(a)(3)(iv)'s reference to probation without verdict encompasses probation before judgment. Those canons require that "statutory construction [be] approached from a commonsensical perspective;" in other words, "constructions that are illogical, unreasonable, or inconsistent with common sense" are to be avoided. *Frost v. State,* 336 Md. 125, 137, 647 A.2d 106 (1994)(internal quotations omitted) (citations omitted). But even more important to our analysis is that canon of construction, which provides that "internal consistency between the various provisions of a statute must be maintained, and subsections must, therefore, be interpreted in the context of the entire statutory scheme." *Calhoun v. State,* 46 Md.App. 478, 488, 418 A.2d 1241 (1980), *aff'd,* 290 Md. 1, 425 A.2d 1361 (1981). Applying these principles, we reach the same conclusion that the circuit court did: "[T]he construction advanced by the Board would render the language of [§ 12–108] internally inconsistent" and thus untenable.

Under subsections 12–108(e) and (f), for instance, if a licensee or employee of the licensee is granted probation before judgment in certain counties, that disposition does not bar the

Board from proceeding against the licensee for the alleged violation. Subsections (e) and (f) thus "create an exception for several counties from the bar to enforcement proceedings enunciated in [§ ] 12–108(a)(3)(iv)," the circuit court observed. And, "[i]f [§ ] 12–108[ (a) ](3)(iv) is not read as prohibiting enforcement proceedings when a licensee is placed on probation before judgment," that court noted, "then the language in the ... exceptions [of subsections 12–108(e) and (f) ] cannot be reconciled with the rest of the section." As the circuit court explained, if the Board's reading were adopted, "Essentially, there would be exceptions, but no rule." "Clearly, this cannot be," opined that court. And we agree.

Nor does the legislative history of § 12–108(a)(3)(iv) lead to a different result. In fact, as the circuit court pointed out, it bolsters Corridor Wine's claim that the probation without verdict language of that subsection be read to mean probation before judgment. In 1990, the legislature amended Article 2B, § 118, the precursor to § 12–108, to exempt Queen Anne's County and Howard County from the bar against prosecuting a licensee that received "probation without a verdict." 1990 Md. Laws Chap. 334 & 533. In both House Bills, the phrase "probation without a verdict" was replaced with the phrase "probation before judgment." The amendments to the purpose statement of House Bill 83 appear on the face of that bill as indicated below:

> For the purpose of exempting Howard County from a provision that prohibits an alcoholic beverages law enforcement or licensing authority from proceeding against an alcoholic beverages licensee that has received "probation without a verdict" *probation before judgment,* or whose employee has received "probation without a verdict" *probation before judgment,* for certain violations relating to prohibited sales of alcoholic beverages....

The circuit court concluded:

> This clearly indicates that the General Assembly considered these amendments as exceptions to an existing ban on enforcement proceedings when a licensee had received pro-

bation before judgment. Otherwise, the passage of these amendments was an exercise in futility, and cannot be reconciled with the rest of the statute.

■ We agree. And finally, we note that in 1988, the Attorney General interpreted substantially similar language in former Article 2B, § 118(a) (the predecessor to Article 2B, § 12–108), as establishing "a complete bar to administrative sanction" when there was "a finding of not guilty or grant of probation before judgment." 73 Op. Att'y Gen. 32, 37 (Md. 1988). "While not binding on this Court, the opinion of the Attorney General is entitled to careful consideration." *Dodds v. Shamer,* 339 Md. 540, 556, 663 A.2d 1318 (1995).

For the foregoing reasons, we hold that because Article 2B, § 12–108(a)(3)(iv)'s reference to "probation without a verdict" must be read to include "probation before judgment," the Board was barred from proceeding against Corridor Wine. Consequently, it did act arbitrarily or capriciously in suspending Corridor Wine's license.

## II.

■ The Board contends, however, that even if § 12–108(a)(3)(iv) is read to bar it from proceeding against Corridor Wine for selling liquor to a person under the age of twenty-one, the Board can still proceed against Corridor Wine for violating its own rules. Those rules are:

3.09 Public Welfare

Licensees shall operate their establishment in such a manner as to avoid disturbing the peace, safety, health, quiet, and general welfare of the community.

* * *

4.01 Minors

(a) No licensee, his agent or employee may in any way furnish, allow consumption, or sell any alcoholic beverages to any person under the age of twenty-one (21).

* * *

4.16 Illegal Conduct

No licensee shall commit or allow the commission on his premises of any act which shall be contrary to any federal, state or local statute, law, rules or regulations or ordinance or against the public peace, safety, health, welfare, quiet or morals.

Rules and Regulations of the Board of License Commissioners for Anne Arundel County, §§ 3.09, 4.01, 4.16 (Jan. 1, 1998). There is no indication that the violation of the rules at issue is anything other than the selling of alcohol to minors.

In *Board of Liquor License Commissioners v. Hollywood Productions, Inc.*, 344 Md. 2, 684 A.2d 837 (1996), the issue before the Court of Appeals was whether the Baltimore City Liquor Board could disregard the state law, specifying the hours and days during which liquor may be sold, and limit the operating hours of a licensee, who violated one of its rules. Observing that Article 2B "contains a section devoted entirely to the hours and days during which alcoholic beverages may be sold in the various jurisdictions," the Court of Appeals declared that "[t]he legislature has specifically designated the hours during which alcoholic beverages may be sold and did not confer upon the Baltimore City Liquor Board the power to deviate from those provisions." *Id.* at 14, 16, 684 A.2d 837. The Court explained that "Article 2B precisely establishes the sanctions available to a liquor board in responding to a licensee's misconduct." *Id.* at 16, 684 A.2d 837. This "elaborate statutory scheme," the Court observed, "suggests a specific, rather than broad, delegation of authority to the liquor boards and contradicts the notion that restrictions, penalties, and sanctions may be fashioned on an *ad hoc* basis." *Id.*

As in *Hollywood*, the relevant section of Article 2B, § 12–108, specifies what the Board can and cannot do to licensees for violating its prohibition against selling alcohol to an under-aged individual and when such administrative actions are barred. The Anne Arundel County Board of License Commissioners may no more circumvent the conditional bar to prosecuting licensees contained in § 12–108(a)(3)(iv) by invoking its own rules than the Baltimore City Liquor Board could circumvent Article 2B to punish a licensee for breaching its rules.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.