488 A.2d 502

**Mary A. BROWN**

v.

**STATE of Maryland.**

**No. 384, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

March 6, 1985.

Certiorari Denied May 10, 1985.

John L. Kopolow, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Nicolette Prevost, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty., for Baltimore City and Ilene Nathan, Asst. State's Atty., for Baltimore City, Baltimore, on brief), for appellee.

Argued before GARRITY, BLOOM and KARWACKI, JJ.

KARWACKI, Judge.

On April 6, 1981, Mary A. Brown, the appellant, was convicted of two counts of assault in the Criminal Court of Baltimore City (now a part of the Circuit Court for Baltimore City). The court imposed concurrent two year sentences on each count and suspended execution of both in favor of two years supervised probation. At a hearing conducted on February 10, 1983, the appellant was found to be in violation of her probation because she was convicted of theft on October 13, 1982. Although the record on appeal does not contain a copy of the transcript of that proceeding, the trial judge wrote by hand, on a pre-printed Order of Probation, which is part of the record, the following disposition:

Probation is extended 1 yr. + all other conditions of prob. imposed on 4–6–81 are still in effect.

On March 12, 1984, the lower court again found that the appellant violated her probation for acts occurring before February 10, 1984.[1] The court reimposed the appellant's

---

**1.** This date is significant only in that it makes it unnecessary to decide whether the trial judge intended to extend her probation until Febru-

original two year sentences, directing that they run concurrently.

The sole issue the appellant raises on appeal is whether the trial judge on February 10, 1983 lacked the statutory authority to "extend" her term of probation for the additional year. The appellant contends that since the court then lacked the power to extend her term of probation her probation expired on April 6, 1983. Thus, she argues, the court could not violate that probation for acts which she committed after April 6, 1983, and could not reimpose the sentences which were originally suspended. The appellant cites Md.Code (1957, 1982 Repl.Vol., 1984 Supp.), Art. 27, § 641A(a) and (b), which states in pertinent part:

(a) *Suspension of sentence; probation.*—Upon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of 5 years....

(b) *Probation when offense punishable by fine and imprisonment; limitation, revocation or modification.*—Probation may be granted whether the offense is punishable by fine or imprisonment or both.... The court may revoke or modify any condition of probation or may reduce the period of probation.

Specifically, the appellant points to the last sentence of § 641A(b) quoted above. She argues that this sentence implicitly denies the court the power to increase the term of probation since it explicitly grants the power to reduce it.

---

° ary 10, 1984, one year after the first violation of probation hearing or until April 6, 1984, one year after her original period of probation was to expire.

Although novel, we find the appellant's argument flawed. We believe § 641A must be read in conjunction with § 642 which states:

Whenever any person is convicted of any offense in any of the courts of record of this State, having criminal jurisdiction, and the judge presiding does not impose sentence or suspends sentence generally or for a definite time places the offender upon probation, or makes another order and imposes other terms as she or he may deem proper, and that person at any time thereafter is brought before the court to be sentenced upon the original charge of his conviction, or for violation of the terms and conditions of the order of probation in the case, the judge who then is presiding in that particular court, if he determines that the offender violated the terms and conditions of probation, may proceed to sentence the person to serve the period of imprisonment prescribed in the original sentence or any portion thereof, or if no sentence was imposed, any sentence provided for by law for the crime for which that person was originally convicted. The sentence may be suspended in whole or in part and the offender may be placed on further probation on the terms and conditions the judge deems proper but no term of probation may exceed the maximum prescribed by § 641A of this article.

Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 642.

Upon a careful reading of these two sections, especially the first sentence of each, it becomes clear that § 641A is the general grant to the sentencing courts of the power to place defendants on probation in lieu of serving part or all of their sentences. Section 642, on the other hand, delineates the trial court's powers when a defendant is brought before the court upon a violation of probation. In short, § 642 returns the sentencing court to the same position it occupied at the original sentencing of the defendant with one exception; the court may not impose a sentence greater than that which was originally imposed and suspended.

■ We view the last sentence in § 641A(b) upon which the appellant relies as having a completely different purpose from that which the appellant would have us assign to it. Inasmuch as it is found in § 641A, we think its purpose is to grant to the sentencing court certain powers over a suspended sentence and order of probation which that court does not have over its unsuspended sentences after the 90 days revisory period found in Md.Rule 4–345.[2] That is, it enables the sentencing court to exercise its discretion over the conditions and terms of probation in cases where the probationer has *not* violated his or her probation. For example, the court, in an exercise of its discretion, may wish to shorten a probationer's term of probation to enable him or her to take employment out of the state.

■ The only remaining issue is whether the lower court exceeded its authority by "extending" the appellant's probation instead of adhering to the procedure outlined in § 642 which requires the judge to revoke the probation granted, strike the suspension of the sentence, reinstate the original sentence, suspend that sentence and, again, place "the offender ... on further probation." We are convinced that the sentencing judge's order was merely a shorthand version of those words which he ought to have uttered under the statute and did not prejudice the appellant. *Smith v. State*, 11 Md.App. 317, 273 A.2d 626 (1971). Therefore, we perceive no error.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY THE APPELLANT.

---

2. Formerly Md.Rule 774.