490 A.2d 1319

**Thomas R. DONALDSON**

v.

**STATE of Maryland.**

**No. 1164, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

April 16, 1985.

John L. Kopolow, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Glenn Klavans, Asst. State's Atty. for Baltimore City, Baltimore, on the brief), for appellee.

Submitted before WILNER, BISHOP and ROBERT M. BELL, JJ.

BISHOP, Judge.

Thomas R. Donaldson appeals a judgment of the Circuit Court for Baltimore City (Edward J. Angeletti, J.), entered after the court determined that appellant violated the terms and conditions of his probation, which "extended" the period of his probation by two years from the date of the probation revocation proceedings. "Extending" appellant's probation was merely a shorthand version of revoking probation, striking the suspension of the sentence, reinstating the original sentence, suspending that sentence, and placing

him on "further probation." *Brown v. State,* 62 Md.App. 74, 78, 488 A.2d 502 (1985).

■ Appellant contends that the trial court lacked the statutory authority to increase the period of his probation beyond the one year that was originally imposed upon suspension of the sentence for his theft conviction. We do not agree and we held accordingly in *Brown v. State,* 62 Md.App. 74, 76–77, 488 A.2d 502 (1985), decided after appellant filed his brief in the case *sub judice.* Appellant's second contention, however, was not resolved by *Brown.*

■ In addition to his statutory argument, appellant contends that the additional period of probation constitutes double jeopardy as an increase in his sentence. See *Brown v. State,* 237 Md. 492, 207 A.2d 103 (1965) where the sentencing court attempted to increase a sentence of life imprisonment to a death sentence after Brown had begun serving the life sentence. The Court held that this was an increase prohibited under the Fifth Amendment to the Federal Constitution and under the common law of Maryland. 237 Md. at 503, 207 A.2d 103. We hold that extending the period of probation under Md.Ann.Code art. 27, § 642 (1982) upon a determination that the offender has violated the terms and conditions of his probation does not constitute an increase of sentence.

■ There is no double jeopardy violation when probation is revoked and the probationer is imprisoned as a result. *Clipper v. State,* 295 Md. 303, 313, 455 A.2d 973 (1983) citing *United States v. DiFrancesco,* 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980).

Probation is by definition conditional; therefore, the defendant is on notice that breaching those conditions may lead to the reinstatement of his original sentence. That original sentence is the only true punishment; the probation revocation is merely the withdrawal of favorable treatment previously accorded the defendant.

*Clipper,* 295 Md. at 313, 455 A.2d 973.

■ Once probation is revoked under Md.Ann.Code art. 27, § 642 (1982), "the sentencing court ... [is in] the same

**654**

position it occupied at the original sentencing of the defendant with one exception; the court may not impose a sentence greater than that which was originally imposed and suspended." *Brown,* 62 Md.App. at 77, 488 A.2d at 503–504. Accordingly, the original sentence, or a portion thereof, may be reimposed, and "[t]he sentence may be suspended in whole or in part and the offender may be placed on further probation on the terms and conditions the judge deems proper but no term of probation may exceed the maximum prescribed by § 641A of this article." Md.Ann. Code art. 27, § 642 (1982) (referring to the five year limitation of Section 641A(a)). *See Christian v. State,* 62 Md. App. 296, 489 A.2d 64 (1985).

Appellant's sentence was not increased when the trial court extended his probation. Rather, the sentence, which was reimposed after a determination that he violated the conditions of his probation, was suspended again as "an act of grace ... in favor of conditions which, if performed, tend to promote the rehabilitation of the criminal as well as the welfare of society." *Turner v. State,* 61 Md.App. 1, 9, 484 A.2d 641 (1984). This does not constitute a violation of double jeopardy principles.

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY APPELLANT.