505 A.2d 527

Thomas R. DONALDSON

v.

STATE of Maryland.

No. 93, Sept. Term, 1985.

Court of Appeals of Maryland.

March 7, 1986.

John L. Kopolow, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Nicolette H. Prevost, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on brief), Baltimore, for appellee.

Argued before SMITH, Senior Judge, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

CHARLES E. ORTH, Jr., Judge.

This appeal concerns the options available to a judge of a circuit court when he strikes the suspension of the execution of a prison sentence upon a determination that a defendant has violated a condition of probation. Thomas R. Donaldson, convicted of being a petty thief and a violator of the conditions of probation imposed, believes that if he is not to be incarcerated for his past transgressions, he *must* now be turned loose on society free from any judicially imposed supervision or conditions. He insists that the judge, in the circumstances, does not have the statutory authority and is forbidden by the federal constitution, from extending the duration of his probation as originally grant-

ed. Fortunately for the sound administration of justice and the public welfare, Donaldson's belief is ill-founded.

## I

The circumstances prompting Donaldson's belief were these. On 22 June 1983 he judicially confessed in the Circuit Court for Baltimore City by way of a guilty plea that he had stolen two steaks from a food store. His plea was accepted, a guilty verdict was entered, and a sentence of 90 days was imposed. The execution of the sentence was suspended and he was placed on supervised, conditional probation for a period of one year.

On 17 February 1984 the Probation Department filed a notice in the circuit court charging Donaldson with violating a certain condition of the probation. After three postponements, the charges came to a hearing on 26 September 1984 on a plea of not guilty.[1] Donaldson was found guilty. The execution of the sentence of 90 days was again suspended. For the second time he was granted supervised conditional probation, but the term was designated as two years from the date of the hearing.

Despite the leniency of the court, Donaldson felt aggrieved. He sought to set aside the judgment by appealing to the Court of Special Appeals. That court, however, affirmed. *Donaldson v. State*, 62 Md.App. 651, 490 A.2d 1319 (1985). Donaldson was not content. He asked this Court to order the issuance of a writ of certiorari, and we did so. He contends before us, as he did before the intermediate court, that the judge lacked statutory and constitutional authority to designate a period of probation longer than that fixed upon conviction of the predicate crime.

## II

Section 642, Article 27 of the Maryland Code (1957, 1982 Repl.Vol.) prescribes the authority of the judge upon a finding of a violation of probation. It reads:

---

1. No issue has been raised as to the timeliness of the hearing.

Whenever any person is convicted of any offense in any of the courts of record of this State, having criminal jurisdiction, and the judge presiding does not impose sentence or suspends sentence generally or for a definite time places the offender upon probation, or makes another order and imposes other terms as she or he may deem proper, and that person at any time thereafter is brought before the court to be sentenced upon the original charge of his conviction, or for a violation of the terms and conditions of the order of probation in the case, the judge who then is presiding in that particular court, if he determines that the offender violated the terms and conditions of probation, may proceed to sentence the person to serve the period of imprisonment prescribed in the original sentence or any portion thereof, or if no sentence was imposed, any sentence provided for by law for the crime for which that person was originally convicted. The sentence may be suspended in whole or in part and *the offender may be placed on further probation on the terms and conditions the judge deems proper* but no term of probation may exceed the maximum prescribed by § 641A of this article. (emphasis added).

Donaldson concedes that § 642 governs a case like the instant one where a judge has imposed sentence, suspended its execution, and subsequently found a violation of the terms and conditions of probation. He accepts that

[w]hen a prison sentence is initially imposed but execution suspended, then, upon finding the probationer to be in violation, the court may revoke probation and order execution of the original sentence or any portion thereof. It may continue him on probation subject to any reasonable conditions, an option that includes maintaining the status quo.

Then, however, Donaldson turns to § 641A of Art. 27. That section, which consists of three subsections, labeled (a), (b), and (c), concerns the suspension of sentence and the grant of probation at the time of conviction of the predicate crime. Subsection (a), entitled "Suspension of sentence; proba-

tion," contains the designation of the maximum term of probation which § 642 incorporates by reference. Section 641A(a) reads:

> Upon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but *not in excess of 5 years.* However, if the defendant consents in writing, the court may grant probation in excess of 5 years, but only for purposes of making restitution. (emphasis added).

*See State v. Oliver,* 302 Md. 592, 490 A.2d 242 (1985). Subsection (b) permits probation to be granted whether the offense is punishable by fine or imprisonment or both. It concludes:

> The court may revoke or modify any condition of probation or may reduce the period of probation.[2]

Donaldson reads the explicit grant of power to the court contained in § 641A(b) to "reduce the period of probation" as an implicit denial to the court of the power to increase it. He applies this restriction to § 642. This leads him to conclude that § 642 places two limitations on the length of the period of probation that can be imposed upon a finding that a condition of probation has been violated. It is his notion that the period may not exceed either (1) an aggregate time of five years, or, (2) the time originally designated upon conviction of the predicate crime. Armed with this construction of the statutes, Donaldson maintains that, although they invest the court with a wide range of discre-

---

**2.** We are not concerned here with subsection (c) which enables the court to "impose as a condition of probation that the probation commence on the date the defendant is actually released from imprisonment."

tionary powers, "those powers fall short of prolonging probation" beyond the period originally set. He adds:

Since at the time of his revocation hearing [he] had completed the one-year period he was initially sentenced to serve, the option of continuing his probation was not available to the trial court.

■■■ In rejecting this notion on Donaldson's appeal, the Court of Special Appeals, in 62 Md.App. at 653, 490 A.2d 1319, followed its holding rendered when the same argument was presented in *Brown v. State,* 62 Md.App. 74, 488 A.2d 502 (1985). In that case, Karwacki, J., speaking for the court, found the argument to be novel but flawed. "Upon a careful reading" of § 641A and § 642, he observed, and "especially the first sentence of each,"

it becomes clear that § 641A is the general grant to the sentencing courts of the power to place defendants on probation in lieu of serving part or all of their sentences. Section 642, on the other hand, delineates the trial court's powers when ·a defendant is brought before the court upon a violation of probation. In short, § 642 returns the sentencing court to the same position it occupied at the original sentencing of the defendant with one exception; the court may not impose a sentence greater than that which was originally imposed and suspended. 62 Md. App. at 77, 488 A.2d 502.

We agree. The intermediate court viewed the last sentence in § 641A(b), which declares that "[t]he court may revoke or modify any condition of probation or may reduce the period of probation," on which Brown relied, as does Donaldson here, "as having a completely different purpose from that which [Brown] would have us assign to it." *Id.* at 78, 488 A.2d 502. The court explained:

Inasmuch as it is found in § 641A, we think its purpose is to grant to the sentencing court certain powers over a suspended sentence and order of probation which that court does not have over its unsuspended sentences after the 90 days revisory period found in Md.Rule 4–345.

That is, it enables the sentencing court to exercise its discretion over the conditions and terms of probation in cases where the probationer has *not* violated his or her probation. For example, the court, in an exercise of its discretion, may wish to shorten a probationer's term of probation to enable him or her to take employment out of the state. *Id.* (footnote omitted) (emphasis in original).

We share this view. We note that § 642 flatly empowers the trial court to place the "offender" who violates a condition of probation "on *further* probation" (emphasis added). "Further" means exactly what it says. Donaldson posits that "since at the time of his revocation hearing [he] had completed the one year period he was initially sentenced to serve, the option of *continuing* his probation was not available to the trial court." (emphasis added). Section 642 speaks specifically in terms of "further probation," not a continuation of probation. The mere fact that Donaldson's original period of probation expired prior to the hearing on the violation does not strip the circuit court of its power to place him on further probation. The important date is the date on which the conduct amounting to a violation occurred, not the date of the hearing. *See Brown,* 62 Md.App. at 75 n. 1, 488 A.2d 502 (and accompanying text). If we accepted Donaldson's contention, a probationer violating a condition on the final day of his probationary period would have to be brought to court on that very day, or never at all. Clearly, such a scenario was not intended by the legislature. The only restriction as to time is that the term of the "further probation" may not exceed five years in the aggregate, unless the offender consents to a longer term "for purposes of making restitution." *See State v. Oliver, supra.* We also point out that five years is the only maximum designated by either § 641A or § 642. A defendant has no cause to complain if all his probationary periods, taken together, are within this maximum. The statutes give fair warning that he is subject to probation for a term of up to five years. ˙ The total of Donaldson's periods of probation was less than five years.

■ We have determined that a circuit court has statutory authority upon a conviction of violating a condition of probation to place the offender upon further probation for a period in excess of the period previously fixed upon conviction of the predicate crime, provided the total of the periods does not exceed five years. Since Donaldson's periods of probation met this proviso, the act of the Circuit Court of Baltimore City was in complete accord with its statutory authority. We so hold.

### III

■ Donaldson's constitutional attack on the increase in the length of the period of probation imposed calls upon the double jeopardy clause of the fifth amendment to the Constitution of the United States. It forbids that "any person be subject for the same offense to be twice put in jeopardy of life or limb," and it flows to the states through the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). The clause ordinarily protects against a second prosecution for the same offense after an acquittal or a final conviction, against multiple punishments for the same offense, and against an increase in the punishment imposed upon a conviction. *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 104 S.Ct. 1805, 1813, 80 L.Ed.2d 311 (1984); *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980). None of these protections are applicable on the facts and in the circumstances here. Donaldson urges that he was twice placed in jeopardy because the extension of the duration of his period of probation enhanced his punishment for the theft he was found guilty of committing, citing *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 168, 21 L.Ed. 872 (1873). Of course, Donaldson's sentence of 90 days was not increased upon his conviction of violation of probation and its execution was again promptly suspended. The grant of probation at this stage again placed him under supervision on conditions for another two years.

This was neither tantamount to an increase in sentence nor to multiple punishment, in the context of double jeopardy.
Probation is a matter of grace, which aside from being an act of clemency extended to one who has committed a crime, is in substance and effect a bargain made by the people, through legislation and the courts, with the malefactor that he may be free as long as he conducts himself in a manner consonant with established communal standards and the safety of society. It offers the young or unhardened offender an opportunity to rehabilitate himself without confinement under the tutelage of a probation officer.... *Scott v. State*, 238 Md. 265, 275, 208 A.2d 575 (1965).

*See Hudgins v. State*, 292 Md. 342, 347, 438 A.2d 928 (1982); *Kaylor v. State*, 285 Md. 66, 75, 400 A.2d 419 (1979). In *Clipper v. State*, 295 Md. 303, 313, 455 A.2d 973 (1983), we repeated what the Supreme Court said in *United States v. DiFrancesco*, 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980): "[T]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment." We observed:

Probation is by definition conditional; therefore, the defendant is on notice that breaching those conditions may lead to the reinstatement of his original sentence. That original sentence is the only true punishment; the probation revocation is merely the withdrawal of favorable treatment previously accorded the defendant. 295 Md. at 313, 455 A.2d 973.

If there is no double jeopardy protection against revocation of probation and imposition of sentence, there is certainly no double jeopardy protection against another suspension of the execution of the original sentence and the grant of further probation.

## Decision

Inasmuch as there is no impediment arising from statute or constitution to the trial court's placing Donaldson on further supervised, conditional probation for a period of two

years, it follows that the Court of Special Appeals did not err in affirming the judgment of the Circuit Court for Baltimore City. Accordingly, we affirm the judgment of the Court of Special Appeals.

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY APPELLANT.