548 A.2d 149

**Joseph E. ARGABRIGHT**

v.

**STATE of Maryland.**

**No. 96, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Oct. 5, 1988.

José Felipé Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty. for Baltimore County, Towson, on the brief), for appellee.

Submitted before MOYLAN, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Joseph E. Argabright, appellant, pled not guilty to a charge of fourth degree sexual offense and proceeded on an agreed statement of facts in the Circuit Court for Baltimore County.[1] He was convicted and sentenced to a one-year term of imprisonment, which was suspended in favor of three-years probation. In addition to the usual conditions, appellant's probation contained the special condition that he pay court costs of $127.00. The Division of Parole and Probation, more than a year after commencement of the probation, filed a Supervision Summary in which it notified the court that the victim of the sexual offense, appellant's former girlfriend, "had received letters and telephone calls from [appellant] threatening her with 'emotional and mental harassment as long as he lives.'" It requested that "the original court order be amended by adding the special condition that Mr. Argabright have no further contact with the victim." Following a hearing, the court modified the probation order to require that appellant have no contact with the victim except through legal channels. The sole question presented on this appeal from that judgment is whether the court erred in so modifying the probation order.

---

1. Appellant was also charged with attempted rape and assault; however, those charges were *nolle prossed* by the State in consideration for his proceeding as he did.

Appellant contends: "The Court did not have the authority to add an additional condition to Appellant's probation because the added condition amounted to an increase in Appellant's sentence." He cites as authority *Hohensee v. State*, 42 Md.App. 329, 340 n. 21, 400 A.2d 455 (1979). We see it differently.

■ We observed at the outset that *Hohensee* is simply inapposite. An increase in the term of probation, following revocation, is permissible, *Donaldson v. State*, 305 Md. 522, 528–530, 505 A.2d 527 (1986); *see Christian v. State*, 62 Md.App. 296, 302, 489 A.2d 64 (1985); *Brown v. State*, 62 Md.App. 74, 488 A.2d 502, *cert. denied*, 303 Md. 42, 491 A.2d 1197 (1985), and, therefore, not an increase in the sentence. In *Hohensee,* the increase in the *term* of probation occurred at the initial sentencing proceeding, not after a revocation proceeding.

■ Md. Rule 4–346(b) controls the case *sub judice.* It provides:

(b) *Modification of Probation Order.*—During the period of probation, on motion of the defendant or of any person charged with supervising the defendant while on probation or on its own initiative, the court, after giving the defendant an opportunity to be heard, may modify, clarify, or terminate any condition of probation, change its duration, or impose additional conditions.

The clear and unambiguous language of the Rule explicitly authorizes the court, "after giving the defendant an opportunity to be heard," to "impose additional conditions." That is precisely what occurred in this case. The added condition did not amount to an increase in the sentence. We perceive no error.[2]

---

2. Contrary to appellant's suggestion, Maryland Rule 4–345 is inapplicable to the issue *sub judice.* The Rule provides, in pertinent part:
*(b) Modification or Reduction—Time for.*—The court has revisory power and control over *a sentence* upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

appeal has been filed. *The court may modify or reduce or strike, but may not increase the length of, a sentence.* Thereafter, the court has revisory power and control over *the sentence* in case of fraud, mistake, or irregularity, or as provided in section (d) of this Rule. *(c) Open Court Hearing.*—The court may modify, reduce, or vacate *a sentence* only on the record in open court after notice to the parties and an opportunity to be heard. (Emphasis supplied).

Reference to the wording of the Rule makes clear that it concerns the court's revisory power and control over a "sentence", rather than the court's authority to modify a "probation order", to which Maryland Rule 4–346(b) is addressed.