919 A.2d 30

Dennis CUNNINGHAM

v.

STATE of Maryland.

No. 92, Sept. Term, 2006.

Court of Appeals of Maryland.

March 15, 2007.

Katherine P. Rasin, Asst. Public Defender (Nancy S. Forster, Public Defender, on brief), for appellant.

Celia Anderson Davis, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen., on brief), for appellee.

Argued before RAKER, CATHELL, HARRELL, BATTAGLIA, GREENE, ALAN M. WILNER (Retired, specially assigned) and LAWRENCE F. RODOWSKY (Retired, specially assigned), JJ.

WILNER, J.

Appellant was caught distributing counterfeit compact discs (CDs) and digital video discs (DVDs) from the back of his van on a public street in Baltimore City. For that illicit conduct, he was convicted in the Circuit Court for Baltimore City of (1) possession with intent to distribute goods of a value less than $1,000 that appellant knew bore or were identified with a counterfeit mark (Criminal Law Article, § 8–611(b) and (d)), (2) possession for purposes of delivery of recorded articles on which sounds or images had been transferred that did not contain the name and address of the transferor of the sounds or images (Criminal Law Article § 7–308(d)(2)), and (3) acting as a peddler without a license (Business Regulation Article, § 17–911).

It appears from comments made by his attorney at sentencing that this was appellant's business. Indeed, his arrest in this case occurred only hours after he had been placed on probation for similar offenses. The court sentenced appellant to eighteen months in prison, with all but thirty days suspended in favor of eighteen months probation. As an additional penalty, the court required that appellant pay restitution in the amount of $955.

That is the nub of this appeal. Although no objection was made to the restitution order and notwithstanding that appellant immediately, at the sentencing hearing, paid the restitution, he now complains that the order constitutes an "illegal sentence" because (1) "the recipient was neither a victim nor a proper restitution payee," and (2) "no evidence was introduced regarding the amount of restitution." We shall affirm the restitution order.

This case, to some extent, is a companion case with *Chaney v. State,* 397 Md. 460, 918 A.2d 506, 2007 WL 754635 (2007), in

which we discussed the very limited circumstances under which an order of restitution could constitute an "illegal sentence" correctable by an appellate court without regard to the appellant's failure to object to the sentence in the trial court. We held there that, to fit within that category, the illegality must inhere "in the sentence itself; *i.e.*, there either has been no conviction warranting any sentence or the sentence is not a permitted one for the conviction upon which it was imposed, and, for either reason, is intrinsically and substantively unlawful." *Id.* at 466, 918 A.2d at 466. Any other deficiency in the sentence that may be grounds for an appellate court to vacate it, we added, "must ordinarily be raised in or decided by the trial court." *Id.* Subject only to the appellate court's discretion under Maryland Rule 8–131(a), which we expressly decline to exercise in this case, "the defendant is not excused from having to raise a timely objection in the trial court." *Id.*

The restitution order challenged here most definitely does not fit within the ambit of an "illegal sentence" in that regard. The police recovered 195 counterfeit CDs and 66 counterfeit DVDs from appellant's van. Restitution is certainly a permissible penalty for possessing for distribution or delivery counterfeit CDs and DVDs, and appellant does not contend otherwise. *See* Maryland Code, § 11–603 of the Criminal Procedure Article. The alleged deficiencies go only to the amount and to whether the recipients were persons entitled to restitution.

There clearly was no objection to the restitution order here. Indeed, the record reveals an affirmative acceptance of both the amount and the recipients. As part of a plea offer made prior to trial, the State agreed to a sentence of eighteen months with all but 90 days suspended, plus $955 in restitution. Appellant initially rejected the offer because he wanted to contest the search of his van and the seizure of the CDs and DVDs and preserve that issue for appeal. When he lost his suppression motion, he was asked whether he wanted "to accept the State's original offer as a miscellaneous bargain in exchange for waiving jury and confrontation," and he replied

that he did. He then waived his right of jury trial and proceeded with what both sides regarded as an "abbreviated" trial before the court, at the conclusion of which the court found him guilty of the three offenses.

The prosecutor then renewed her recommendation of eighteen months, all but ninety days suspended, and $955 in restitution. The court postponed sentencing so it could get a presentence investigation report. It confirmed the amount of restitution, stated that appellant was free to argue for less, advised that it would be influenced "if he comes in with a money order picked for $955.00," and asked to whom the money order should be payable. The prosecutor responded, "that would be to the Castle Security Group." No objection was made either to the amount or to the payee.

At sentencing, defense counsel reminded the court that the State had asked for eighteen months, suspend all but ninety days with $955 in restitution, and reported that appellant had brought two money orders, one for $500 and the other for $455. After hearing from appellant in allocution, the following colloquy occurred:

"THE COURT: Thank you. Has the restitution been passed over to the State?

[DEFENSE COUNSEL]: No, it has not.

THE COURT: Can you complete that before I hear from the State?

[DEFENSE COUNSEL]: Okay, why don't you—who should these be made out to?

(Discussion held between the State and Defense.)

\*     \*     \*

THE COURT: All right. Money has been passed to the State?

[PROSECUTOR]: Yes, Your Honor."

At that point, the court imposed a more lenient sentence than the State had recommended—eighteen months, with all but *30* days suspended, plus the $955 in restitution.

What is evident here is that, in an acknowledged effort to induce the court to be lenient with respect to any term of imprisonment, appellant not only agreed to the $955 of restitution but brought money orders totaling $955 to court, made them payable to persons not identified in the record but agreed to between appellant and the prosecutor, and delivered them to the prosecutor. Thus, not only does the record demonstrate a right to restitution for counterfeited CDs and DVDs and an express request for restitution in the amount of $955, but it documents as well an agreement by appellant that $955 was a proper amount of restitution and that whomever he actually made the money orders payable to—information not revealed in the record—were proper recipients of the restitution. There could hardly be any clearer waiver of a complaint about either the amount or the recipient(s).

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.